IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

NESTOR URBANO-OBANDO,

        Petitioner,                       OPINION AND ORDER

   v.                                     25-cv-640-wmc

UNITED STATES IMMIGRATION
AND CITIZENSHIP SERVICES,[1]

        Respondent.

_____

Petitioner Nestor Urbano-Obando, also known as Nector Adrian Urbano-Obando, is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, petitioner seeks a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge an expedited order of removal that has been entered against him. For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

To obtain a writ of habeas corpus, petitioner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

---

[1] Petitioner names the "United States Immigration and Custom Services (USCIS)" as respondent. (Dkt. #1.) The clerk's office is directed to correct the caption to reflect that USCIS stands for "United States Immigration and Citizenship Services."

Petitioner is presently incarcerated as the result of a federal conviction for conspiracy to possess with intent to distribute a controlled substance.  Petitioner received a sentence of 87 months' imprisonment followed by a 5-year term of supervised release in that case.  *See United States v. Nector Adrian Urbano-Ohando*, No. 3:20-cr-213-05 (D. Puerto Rico Sept. 13, 2021).  His projected release date is September 4, 2026.

Here, petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"    18  U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

In a previous habeas proceeding, petitioner presented documentation showing that he was found ineligible to have FTCs apply to his sentence because a "final order of removal" had been entered against him.  *Urbano-Ohando v. Emmerich*, No. 25-cv-111-wmc (W.D. Wis.)(Dkt. #1-1, #1-4.)  The court denied relief in that proceeding because petitioner did not show that his sentence was calculated in correctly. *See id*.  (Dkt. #4.)

2

Relying on a new legal theory, petitioner now argues that his removal order is invalid because immigration officials did not follow proper procedures.  However, any challenge to the validity of petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather, a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]"  8 U.S.C. §§ 1252(a)(5), 1252(b)(2).  As a result, the petition must be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Nestor Urbano-Obando, otherwise known as Nector Adrian Urbano-Obando (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 19th day of March, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3